[No. 2362. Decided December 8, 1896.]

## CITY OF NEW WHATCOM, *Respondent,* v. BELLINGHAM BAY IMPROVEMENT COMPANY, *Appellant.*

STREET IMPROVEMENTS — REASSESSMENT OF BENEFITS — NOTICE — DUE PROCESS OF LAW — FORECLOSURE — PURCHASE BY CITY — TAXATION OF COSTS.

In an action to enforce a reassessment of the costs of local improvements, a finding that the property had been duly assessed under proceedings which were invalid is supported by the introduction in evidence of the original assessment roll, pleadings, findings and judgment of the superior court and judgment of the supreme court declaring said assessment ineffectual and void.

Notice of the reassessment of costs for local improvements, under a statute requiring objections to the roll to be made within ten days from the last publication of the notice, cannot be held as so short as not to constitute due process of law, when it appears that the proceedings to reassess the property had been pending for some time, that the reassessment could be had only by ordinance and this had been published in the official newspaper setting forth in substance the facts relating to the first assessment, and that defendant had been contesting the cost of the improvements for several years, and was, in some sense, a party to the entire proceedings from the beginning.

The fact that an assessment was not legally levied as respects benefits charged cannot be urged on foreclosure when objections had not been urged at the time of making assessment.

An assessment of property for street improvements according to its frontage, is not improper, under a statute requiring assessments to be according to benefits, when the benefits have been actually assessed in proportion to frontage.

The introduction in evidence of certified copies of ordinances is proper without any showing of inability to produce the originals, and the expense of such copies may be properly taxed as an item of costs.

In an action to foreclose street assessments, a decree providing that the city might purchase the lands at the foreclosure sale is not erroneous, when its charter authorizes the city to purchase, receive, hold and enjoy real and personal property and dispose of the same for the public benefit, and the legislature has further authorized cities to bid in property in default of other bidders, when sold for special assessments.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge. Affirmed.

*Newman & Howard*, for appellant.

*T. E. Cade, D. W. Freeman,* and *Kerr & McCord,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is a consolidated action of a number of suits presenting similar questions brought by plaintiff against the defendant to foreclose liens for street assessments under the provisions of the act (Laws 1893, p. 226), authorizing the reassessment of costs of local improvements. Plaintiff had judgment and the defendant has appealed.

Some of the findings of fact are excepted to on the ground that they are not supported by, or are contrary to, the evidence. These findings relate to the ordering of the improvements, letting of the contract, execution of the work, the attempt to levy an assessment therefor according to benefits and that it had been rendered ineffectual by a decision of the supreme court, the making of the reassessment, the amount due from the defendant, and its non-payment and delinquency.

It is contended that there was no evidence to support the findings with reference to the first assessment upon which the reassessment is based. The record shows that the original assessment roll, the pleadings, findings and judgment of the superior court, and the judgment of this court whereby said assessment was held ineffectual and void, were introduced in evidence, and this was sufficient, *prima facie* at least, to support said findings. See *Town of Elma v. Carney,* 4 Wash. 418 (30 Pac. 732).

The other findings questioned involve, first, the sufficiency of the notice given appellant of the reassessment. The act (§ 4), provides that such notice shall be given by three successive publications in the official newspaper of the city or town where such assessment roll is on file, that it shall contain the date when it was filed and state a time at which the council will hear and consider objections to the roll, and provision is made for the filing of objections at any time within ten days from the last publication of the notice.

It is conceded that notice by publication is sufficient, but the objection urged is that the time prescribed is so short as not to constitute due process of law, and many cases are cited by both sides upon this much litigated question. It is well settled that the legislature has power primarily to prescribe the kind of notice to be given, although it cannot dispense with all notice, and it has also been held that where a notice is not prescribed, if a reasonable notice is in fact given, that is sufficient. *Paulsen v. Portland,* 149 U. S. 30 (13 Sup. Ct. 750); *Williams v. Mayor,* 2 Mich. 560; *Gatch v. City of Des Moines,* 63 Iowa, 718 (18 N. W. 310); *Baltimore & O. R. R. Co., v. Pittsburg, etc., R. R. Co.,* 17 W. Va. 812; *Hagar v. Reclamation Dist.,* 111 U. S. 701 (4 Sup. Ct. 663).

See, also, as bearing upon this act, *Frederick v. Seattle,* 13 Wash. 428 (43 Pac. 364).

We are of the opinion, under the authorities, that it should not be held that the notice prescribed in the act, which it is conceded was given, did not constitute due process of law, as applied to the facts of this case. It appears that the appellant has been contesting the proceedings to collect the costs of these improvements for several years past, and that no hardship has re-

sulted in consequence of the shortness of time prescribed. The notice of the filing of the assessment roll, while it fixed a time within which objections might be filed, was not in fact the only notice of the proceedings. The proceedings to reassess the property had been pending for some time. The reassessment could be had only by ordinance, and the ordinance had to be published in the official newspaper, and it appears that the ordinance providing for this reassessment was duly passed and published. It set forth in substance the facts relating to the first assessment.

Appellant was in a sense a party to the entire proceedings from the beginning, and although this would not dispense with notice of the reassessment, it should have some bearing in determining the sufficiency of the notice given in considering the length of time allowed for filing objections.

Appellant contends that the court erred in striking portions of appellant's answer, whereby appellant sought to attack the validity of the assessment on the ground of its not having been made according to benefits, but as the appellant did not appear and file any objections against the proposed assessment after ample opportunity to do so, we think it was not entitled to offer proof to contest the same in the foreclosure suit on that ground, and that the paragraphs in question were properly stricken. Of course, it must appear that the assessment was according to benefits. Session Laws, 1893, p. 227. And § 5, p. 160, provides:

"That the cost and expense thereof shall be taxed and assessed upon all the property in such local improvement district, which cost shall be assessed in proportion to the number of feet of such lands and

lots fronting thereon, and included in said improve-
ment district, and in proportion to the benefits de-
rived by said improvement."

While the language here may be somewhat involved,
it is apparent that the controlling idea is that the as-
sessment must be according to benefits, at the same
time having reference to the frontage of the lots. In
this case the council found that the property was
equally benefited in proportion to its frontage, and,
while in fact the assessment under that finding was
made according to the front foot, it was also made ac-
cording to benefits.

It is contended that the court erred in admitting
certain ordinances in evidence on the ground that
they were not competent proof of the facts therein re-
cited. However this may be, it is not apparent that
the court attached any weight to them as proof of the
facts recited, and as a *prima facie* case to support the
findings and judgment was made by the produc-
tion of the assessment roll and the records of the
previous action, and as there was no contradictory proof,
there was no harmful error in this respect in admit-
ting them.

It is further contended that the court erred in
taxing an item of costs for copies of ordinances intro-
duced in evidence, on the ground that the originals
must be produced, or an inability to produce them
shown, before certified copies could be offered, and
the other party burdened with costs to that extent, if
the decision should go against it. It would be most
inconvenient to require the production of original
ordinances in actions of this kind, and keep them tied
up in court pending the determination of the case,
and it was proper to use certified copies instead.
These ordinances were matters of public record and

were duly pleaded, and proof of them was rendered necessary in consequence of the issues raised by the defendant. Ordinarily, production and proof of such ordinances is not rendered necessary by the pleadings, but the appellant, having denied their existence, has no meritorious ground of complaining as to the manner adopted in proving them.

It is also contended that the court erred in providing in the decree that the city might purchase the lands at the foreclosure sale. Its charter authorizes it to purchase, lease, receive, hold and enjoy real and personal property, and to control and dispose of the same for the public benefit, and the legislature has recognized the right of any municipal corporation to bid in property, in default of other bidders, when sold for special assessments. Laws 1893, p. 379, § 122. It would certainly be a hardship if, in the absence of other purchasers, the city was not authorized to bid up to the extent of the charges against the property. The liens must be foreclosed by an action in court, and this should not be rendered ineffectual in consequence of an inability to sell the land, if there should be no other bidders.

Affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.