[No. 2324.  Decided December 15, 1896.]

J. H. McEwan, *Respondent*, v. The City of Spokane,
*Appellant.*

STREET IMPROVEMENTS — FAILURE TO LEVY ASSESSMENTS — LIABILITY
OF CITY.

Where the law governing the making of street improvements by
cities, and a contract thereunder, provide that the special tax or
assessment for meeting the expense of such improvement shall be
levied and collected without delay and in the shortest time possible,
the failure of the city to proceed with the collection of assessments
until barred by the statute of limitations, in the matter of enforc-
ing such assessments, will render the city primarily liable for ex-
pense of the improvements, even if the delay was due to a mistake
as to the law, in which both the city and the contractors shared.
( HOYT, C. J., dissents.)

Appeal from Superior Court, Spokane County.—
Hon. NORMAN BUCK, Judge.   Affirmed.

*W. H. Plummer*, for appellant.

*Jones, Voorhees & Stephens*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by plaintiff
( respondent ) against the defendant (appellant ), the
city of Spokane, for not providing a fund for the pay-
ment of certain street grade warrants mentioned in
two separate causes of action.   The complaint sets up
the contract under which the warrants were issued,
alleges demand of payment and assignment of the
warrants, all of which is admitted by the defendant.
Paragraph 5 of the complaint, which is the real alle-
gation upon which the cause of action rests, is as
follows:

" 5th.  That defendant has wholly failed and neg-
lected to make or levy any assessment or tax upon

property benefited by the work and labor done upon said street, and has wholly failed and neglected to provide any street grade fund, or any fund whatever, for the payment of said warrants, or either of them, and has not now and never has had any fund set aside or created for the payment of said warrants, or either of them, or any part of either of them, and has never at any time had created or levied any valid or any assessment or tax for the payment of said warrants, or either of them, or any part of either of them; and defendant has exhausted its power and authority to make or levy any special or local assessment or create said fund, and has no power or authority so to do."

It is contended by the appellant that it was necessary for the plaintiff to establish these allegations in order to rightfully obtain a judgment, and, further, that the allegations were not established by the proof; that the mere fact that the fund has not been created gives the plaintiff no right to recover, as the city is not a guarantor of the creation of said fund, but is only held to ordinary diligence in doing everything possible under the existing circumstances to create the funds. For the purposes of this case, conceding this to be true, we think the record plainly shows that the city has not exercised ordinary diligence in making preparations for the payment of these warrants. This contract was entered into November 15, 1889, and the action was brought in April, 1896.

The answer is not very definite as to the time when these warrants will be paid, but alleges that the city warrants will be paid by the city of Spokane as soon as, and whenever, the assessments are collected and paid into the fund upon which said warrants are issued and made payable, under and by virtue of the contract under which they were issued.

The portion of the contract with reference to the collection of the funds is as follows:

"Said city of Spokane Falls further agrees that it will proceed, as soon as its laws provide, to levy and collect a special tax or assessment upon the property within the assessment district created for said improvement for the payment of the sums herein agreed to be paid, and to collect the same and to pay the same as herein provided; and said city expressly covenants that it will prosecute the business of levying and collecting such special tax or assessment without any delay whatever in any part of the proceedings, and in the shortest time possible under its charter and ordinances relating thereto."

It can scarcely be said that under the showing made by the city in this case it has proceeded to collect these taxes without any delay whatever. The appellant urges in defense of the city that the delay was owing to a mistake on the part of the city as to the law, in which mistake, says the answer, said Massey and said Boston (the contractors) shared; that said moneys had not been heretofore collected, and assessments upon the property enforced, and that said Massey and said Boston, and their assignors, have never at any time done any act to enforce the collection of any assessments, but at all times remained absolutely silent upon the matter of collecting the re-assessments, or assessments, until the commencement of this action.

Under the special contract in this case and under the law, it was not the duty of the contractors to look after the assessments; that was a duty which not only the law imposed upon the city, but which the special conditions of its contract imposed upon it, and if the city was mistaken in regard to its construction of the law, the city must be responsible for such mistake, and not the contractors, who were not authorized to

construe or enforce the law. *Eidemiller v. Tacoma*, 14 Wash. 376 (44 Pac. 877).

The record shows that the statute of limitations under the rule laid down by this court in *Spokane v. Stevens*, 12 Wash. 667 (42 Pac. 123), has run against a portion of these grade taxes, and the city having failed to collect the said taxes until after the statute has run, would, of course, be powerless to collect them now; hence it must necessarily follow that the city is liable to the plaintiff for its failure to collect them within a reasonable time, as a reasonable time must necessarily be a time prior to the time when the statute of limitations runs.

There is an attempt to plead an indebtedness by the city beyond its charter limit, but we think that no such indebtedness was pleaded under the rule announced in *Baker v. Seattle*, 2 Wash. 576 (27 Pac. 462), and *Winston v. Spokane*, 12 Wash. 524 (41 Pac. 888).

Affirmed.

ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.