[No. 2748.   Decided January 10, 1898.]

NORTHWESTERN AND PACIFIC HYPOTHEEK BANK, *Respondent*, v. CITY OF SPOKANE *et al.*, *Appellants*.

STREET ASSESSMENTS — OBJECTIONS — WAIVER.

Where objections to the correctness of the amount of an assessment and objections because the assessment was based on the valuation of the property instead of according to the benefits received by reason of the improvement were not urged before the city council at the time set for hearing objections, they cannot be urged on foreclosure of the assessment liens.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.   Reversed.

*A. G. Avery*, for appellants.

*Blake & Post*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondent against the city of Spokane and its treasurer to prevent by injunction the sale of certain of respondent's real estate to satisfy the assessment made thereon to pay for the grading and improving of certain streets in the city of Spokane on which the said real estate abutted. The lower court granted the injunction prayed for in the complaint, and from its judgment this appeal is taken.

It seems to us that almost every question involved in this case has been decided by this court in various cases in opposition to respondent's contention. Outside of the question of the statute of limitations—and we now decide that the statute of limitations does not run in this case—the questions raised here are such questions as should have been raised before the city council under the notice which was confessedly given to the respondent.

It is contended by the respondent that the fact that the assessment was made according to the valuation instead of according to benefits invalidates it, but that was one of the very questions which should have been presented to the city council. It was held in *New Whatcom v. Bellingham Bay Imp. Co., ante,* p. 181, that the fact that an assessment was not legally levied as respects benefits charged could not be urged on foreclosure when objections had not been urged at the time of making the assessment. That holding would dispose of the question at issue here, even if it were conceded that the statute of 1893 (Laws 1893, p. 226) required the assessment according to benefits where the charter of the city provided for an assessment according to valuation. The statute (Laws 1893, p. 226, § 1, Bal. Code, § 1139), in speaking of this question, uses the following language:

" .   .   . to this end the board of public works or other proper authority of such city or town shall make a new assessment roll in equitable manner with reference to the benefits received, as near as may be in accordance with the law in force at the time such re-assessment is made."

It is conceded that the charter of Spokane provided for the assessment of the streets according to value, and we are inclined to think that the law just quoted did not intend to abrogate the city charters in existence at the time assessments were made. However, as we have said before, this was one of the questions which should have been submitted to the council under section 5 of the act of 1893, and the question not having been raised there, the action of the city council in that respect is conclusive. So it may be said of all the other questions raised in respondent's brief. None of them go to the question of jurisdiction of the council to act on the subject matter. The council was given jurisdiction to make this assessment. The language of the statute

is plain and far-reaching.  Section 5 (Bal. Code, § 1143) provides:

" At the time appointed for hearing objections to such assessment the council shall hear and determine all objections which have been filed by any party interested, to the regularity of the proceedings in making such re-assessment, and to the correctness of the amount of such re-assessment, or of the amount levied on any particular lot or parcel of land;"

and it may be noted here that the objections raised by the respondent are objections which go to the correctness of the amount of the assessment upon its land;

"and the council shall have the power to adjourn such hearing from time to time, and shall have power, in their discretion, to revise, correct, confirm, or set aside, and to order that such assessment be made *de novo*,"

so that any objection which could be cured by a new assessment is an objection which must have been made at the time and before the tribunal appointed by the law. The statute provides in the same section that

" .  .  .   their decision and order shall be a final determination of the regularity, validity and correctness of said re-assessment, to the amount thereof, levied on each lot or parcel of land."

That is the forum appointed by the law to investigate and pass upon objections to the assessment, both as to its validity and regularity, and only when such objections have been made in that forum and in addition when they have been made by parties interested, can an appeal be taken under section 8 of the statute (Bal. Code, § 1146), which provides that:

" Any person who has filed objections to such new assessment or re-assessment, as hereinbefore provided, shall have the right to appeal to the superior court of this state and county in which such city or town may be situated."

And while this was not an appeal in form, it was no doubt

the intention of the statute that the action of the council should be final excepting as to persons who have filed objections in the manner prescribed by section 5.

In *New Whatcom v. Bellingham Bay Imp. Co.*, in which the opinion was filed in this court December 4, 1897, these questions were discussed and a conclusion was reached which is indicated above. In that case the court said, in referring to this section:

"  .   .   .   it also provides that ' their decision and order shall be a final determination of the regularity, *validity and correctness* of said re-assessment, to the amount thereof, levied on each lot or parcel of land.' Assuming that the claims of appellant are well founded in fact, the section just referred to gives the council ample power and authority to make the correction, or order a new assessment if necessary, and it must be presumed that they would have done so if the error had been pointed out.   .   .   .   The statute gives them jurisdiction of the subject matter with full power to correct mistakes,   .   .   .   and the appellant had abundant notice of their proceedings."

The same doctrine was announced in a case recently filed in this court, viz.: *Town of Tumwater v. Pix, ante*, p. 153.

In this case respondent, having had notice of this assessment and an opportunity to present its objections and not having done so, will be estopped from urging them here. The question of interest is specially provided for by the statute, and although it occurs in a proviso and the general rule contended for by the respondent in relation to the office of the proviso cannot be disputed, yet we think this provision in relation to interest is so plainly incorporated in the law that it cannot be misunderstood, and needs no construction. We think the other objections raised by the respondent in relation to the sale are not well taken.

The judgment will be reversed and the case remanded.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.