[No. 3021. Decided August 6, 1898.]

JOHN P. JONES, *Appellant,* v. CITY OF SEATTLE *et al.,*
*Respondents.*

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — NOTICE TO PROP-
ERTY OWNERS — ASSESSMENTS — BONDS — CONTRACTS — LOWEST
BIDDER.

Notice to a property owner of a proposed improvement of a
street abutting on his land is not necessary, when the statutes
and city charter authorize the city council to undertake such im-
provements upon the filing of a petition therefor by a majority of
the abutting property owners.

A city is authorized to include the cost of that portion of a
street improvement which is included in the limits of street
intersections in the assessment against the property in the as-
sessment district, as provided by Laws 1897, p. 316, authorizing
cities to do so, if provision therefor is made by ordinance,
when the city has so far complied with the statute as to pass
an ordinance declaring that all street improvements shall be
governed thereby in that respect, since such general ordinance
must be construed together with the special ordinance authoriz-
ing the making of the improvement in question.

Under a law requiring the city council to let all contracts for
street improvements to the lowest bidder, it is within the discre-
tion of that body to call for bids for different portions of the
work, if it appears to the council that the whole improvement
can thereby be made at a less cost than by one letting.

Notice to property owners of a proposed improvement, made
by publication for fifteen days in the official newspaper of the
city, is sufficient to bind them, when the city charter provides
for such notice in such cases.

Notice by mail to an abutting property owner, as provided in
Laws 1893, p. 231, § 1, sent by the city clerk thirty days before
the issuance of bonds for the cost of a street improvement, in or-
der to give him an opportunity to redeem from the assessment
against his property, is sufficient.

A charter requirement that an ordinance for the issuance
of bonds to cover the cost of a street improvement shall prescribe
their form and may provide that the entire issue shall be issued
to the contractor, is sufficiently complied with, where a contract
providing for delivering to the contractor the entire issue of bonds

was made prior to the passage of the ordinance approving the assessment roll, and the bonds conformed to a general ordinance prescribing the form of all local improvement bonds, which was in force at the time the contract was entered into.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.    Affirmed.

John P. Hoyt, for appellant.

W. E. Humphrey, Ira Bronson, and Burke, Shepard & McGilvra, for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant is the owner of certain lots in the city of Seattle, which were included within the limits of an assessment district established for the purpose of paying the expenses of replanking and otherwise improving a part of First avenue in said city. He brought this action for the purpose of enjoining the city from issuing, and respondent Smart & Co. from receiving, certain improvement bonds in payment of the contract price for said improvement, which was undertaken pursuant to the provisions of ch. 96, Laws 1893, p. 231; ch. 110, Laws 1897, p. 316; and various provisions of article 8 of the city charter adopted March 3, 1896. The lower court sustained separate demurrers to the complaint; and, the plaintiff having refused to amend and elected to stand by his complaint, judgment was given dismissing the action, and the plaintiff has appealed.

1. The first objection urged is that no notice of hearing or intention of the council to act upon the subject matter of making the improvement was ever given or made. It appears from the complaint that the proceeding was instituted by a petition to the city council, which petition was signed by the owners of a majority of the property fronting upon the street and assessable to pay the cost of

the improvement. It was not necessary that any notice should be given before the council could legally act upon this petition. It being conceded that the petition conformed to the statute and was joined in by the owners of the property chargeable with the cost of the improvement, the council were authorized to proceed forthwith without giving any notice. Subdivision 2 of § 11 of article 8 of the city charter expressly authorized the council to proceed upon receiving such a petition, and neither the charter nor any provision of the statute requires notice.

2. The act of 1897 (Session Laws, p. 316), in effect provides that, when local improvements are ordered in a city of the first class, the cost of that part of the improvement included within the limits of the street intersections may be included in the amount of the total cost assessed against the abutting property; and § 2 provides that, before exercising the power granted by that act, the city council shall, by general ordinance, declare its intention to make such improvement under the provisions of that act. The act also contains this provision, viz.:

" Nothing herein shall be construed as repealing or modifying any existing manner and method for cities of the first class to make improvements as herein provided for, but shall be construed as an additional and concurrent power and authority."

It is claimed that the ordinance which authorized the improvement in question did not comply with this act; but it appears from the complaint that by ordinance No. 4492, approved May 5, 1897, the city council declared it to be the intention of the city to make all improvements of the character here called in question under the provisions of the act of 1897, *supra*. The provisions of that ordinance must be considered in connection with the special ordinance providing for this improvement. The two must be

construed together. In fact, §3 of the ordinance direct-
ing and authorizing this improvement, provides that the
assessment " shall be made upon said property in all re-
spects as provided by said article 8 of the city charter as
now in force, and said ordinance No. 3349 as amended by
ordinance No. 3440." Construing this special improve-
ment ordinance in connection with the general ordinance
to which it expressly refers, it becomes at once apparent
that the improvement is made pursuant to the act of 1897,
*supra*, which, as we have seen, authorizes the inclusion in
the amount of the total cost assessed to the property in-
cluded within the assessment district of the cost of that
portion of the improvement which is included within the
limits of street intersections; and the objection is without
force.

3. It is next urged that, under the system adopted by
the council for the letting of contracts, it is impossible to
determine whose bid would be the lowest, the law requiring
that all contracts " shall be let to the lowest bidder." Un-
der the system referred to, different portions of the work
are segregated and bids are received for each portion. We
think this is a matter solely within the discretion of the city
council; and if it is decided by them, as it was in the pres-
ent instance, that, by pursuing such a course, the whole
improvement can be made at less cost than by one letting,
there is nothing in the law applicable to the case which
will prevent such a course being pursued.

4. Section 12 of article 8 of the city charter provides
that, upon return of the assessment roll, notice must be
given in the official newspaper of the city notifying all per-
sons interested of the filing of the roll and requiring them
to appear at a time fixed (not less than fifteen days from
the date of the notice), and make objections thereto. Such
notice was given in the present case, and it is urged that it

is insufficient. No authorities are cited to sustain this view, and, inasmuch as the notice is in compliance with the charter requirement, we are disposed to hold it sufficient. We are also inclined to think that the notice in the present case might be held sufficient, under *New Whatcom v. Bellingham Bay Improvement Co.*, 16 Wash. 131 (47 Pac. 236).

5. What has been said under the last point discussed is sufficient to dispose of the contention that the notice to the property owner of his opportunity to redeem from the assessment was insufficient. The notice in question was mailed by the clerk, and conforms in every respect to § 1 of ch. 96, Laws 1893, p. 231.

6. The final contention is that the ordinance providing for the assessment in the present case did not prescribe the form of the bonds to be issued; and subdivision 3 of § 13 of article 8 of the city charter is relied upon in support of the contention. Among other provisions in that section is the following:

" Such ordinance shall prescribe the form of bonds to be issued, and may provide that the entire issue of bonds shall be issued to the contractor in payment for the making of the improvement. Otherwise the city comptroller shall sell the bonds at not less than their par value net, and pay the proceeds thereof to the city treasurer, to be by him kept in the fund to be paid out on warrants drawn thereon as other city moneys are disbursed by him."

The contract for the improvement in the case we are considering was entered into long before the passage of the ordinance approving the assessment roll, and the contract in terms provided for paying the contractor by delivering to him the entire issue of bonds. This course is authorized by the section of the charter just quoted; and it is admitted by the complaint that at the time of entering into the contract, and at all times since, there was in force a

43—19 WASH.

general ordinance of the city which prescribed the *form of all local improvement bonds*, or bonds issued in payment of improvements of the character with which we are at present concerned. This, we think, was a substantial compliance with the requirements of the charter.

We think the demurrers were properly sustained, and the judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, REAVIS and DUNBAR, JJ., concur.