[No. 3099. Decided December 10, 1898.]

S. HEATH *et al., Appellants,* v. W. S. McCREA, *Treasurer of the City of Spokane et al., Respondents.*

STREET IMPROVEMENTS—RE-ASSESSMENTS—LIEN—INTEREST—COLLECTION IN INSTALLMENTS—JUDICIAL POWER OF CITY COUNCIL—DOUBLE TAXATION.

Where an assessment for a street improvement was invalid for the reason that it included the valuation of improvements on the abutting land, no part of the assessment could be enforced, although the valuations of lands and improvements was separately stated.

The objection that an assessment for a street improvement was not restricted to the benefits received could not be urged upon foreclosure of the assessment, when not raised prior to the confirmation of the assessment by the city council.

A statute authorizing city councils to sit as boards of equalization and pass upon the validity of re-assessments for local

improvements is not unconstitutional on the ground of confer-ring judicial powers on such bodies.

The power of cities to make assessments for local improve-ments payable in installments, without the issuance of bonds, is conferred by Bal. Code, § 739 (1 Hill's Code, § 520), which authorizes cities to provide for the *manner* of collecting such assessments.

In making a re-assessment to pay the expense of a local im-provement, the city may properly provide for the payment of interest maturing on deferred installments of the assessment.

The fact that an assessment is made payable in installments does not prohibit the property owner from paying the whole amount at one time, when there is no express prohibition in the ordinance providing therefor.

A re-assessment for the cost and expense of local improve-ments, necessary because of the invalidity of a prior assessment, creates a lien upon the property benefited under the provisions of Laws 1893, p. 226 (Bal. Code, §§ 1139-1149), governing re-assessments.

The adoption by the city of Spokane of an amendment to its charter, known as "amendment No. 40," providing for the levy-ing of taxes to provide "moneys for the redemption and settle-ment of warrants issued heretofore for the improvement and repair of streets and alleys, including sewers and sidewalks," does not show an intention on the part of the city to pay the expenses of such improvements by general taxation and relieve abutting property owners of the burden, since such amendment further provides that "nothing in this section shall be construed to render the city liable for the payment of warrants issued for local improvements."

The defense of double taxation is not available to defendant in a court of equity, unless he first shows he has paid one of the taxes before he asks to be relieved from the other.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

In 1897, the city of Spokane amended § 203 of its char-ter according to the provisions of "Proposed Amendment No. 40," which was submitted to the voters and adopted by them. The section, as amended reads as follows:

" Sec. 203. The city council shall have power to pro-vide for the assessment, levying and collection of taxes

on real estate and personal property for the payment of
the debts and expenses of the corporation, but no taxes to
provide for fire engines and other fire apparatus and the
supply of water to quench fire or any of said purposes,
shall exceed two-tenths of one per centum per annum.

" No tax to provide for the purchase and condemnation
of land for public improvements and ornamentation
thereof and construction of structures thereon, or to pro-
vide for any of such subjects shall exceed one-tenth of one
per centum per annum.

" No tax for street or alley improvements and repairs,
exclusive of the special assessment for local improvements,
and for the construction and repair of sewers, conduits,
other than water pipes, or for any of said purposes, shall
exceed two-tenths of one per centum per annum. No tax
for general, municipal and other purposes, not herein-
above provided, shall exceed two-tenths of one per centum
per annum. And all taxes levied as aforesaid shall not in
any one year exceed seven-tenths of one per centum of
the property assessed, but the city shall have power to
make a levy in excess of seven-tenths of one per centum
per annum for the purpose of paying judgments against
the city, and of paying interest on the bonded indebted-
ness, and providing moneys for the redemption and settle-
ment of warrants issued heretofore for the improvement
and repair of streets and alleys, including sewers and side-
walks; but nothing in this section shall be construed to
render the city liable for the payment of warrants issued
for local improvements. And, provided, further, that the
city council shall have the power to provide for the levy
of a larger per centage per annum during the last five
years prior to the maturity of the bonds of the city for
the purpose of creating a sinking fund for the retirement
of such bonds as hereinafter provided. And provided
further, that all warrants issued by the city for the re-
demption and settlement of local improvement warrants
as provided herein and for the purpose of paying judg-
ments shall be drawn upon a fund to be known as the re-
demption and judgment fund, and not otherwise."

*Dudley & Dudley,* for appellants:

Where the assessment is illegal only in part, and the illegal part can be ascertained, the whole assessment will not be vacated, but only the illegal portion. *Brennan v. Buffalo,* 29 N. Y. Supp. 750; *Walker v. District of Columbia,* 6 Mackay, 352; *Benn v. Chehalis County,* 11 Wash. 134; *Pacific County v. Ellis,* 12 Wash. 108; *Fehler v. Gosnell,* 35 S. W. 1125; *Dorland v. Bergson,* 21 Pac. 537; *Parker v. Reay,* 18 Pac. 124; *Himmelmann v. Hoadley,* 44 Cal. 276; *Dyer v. Scalmanini,* 11 Pac. 327; *Kinsella v. Auburn,* 7 N. Y. Supp. 317.

The ordinance providing for reassessment is unconstitutional, because it does not require the assessment to be restricted to benefits. *Chamberlain v. Cleveland,* 34 Ohio St. 551; *Tidewater Co. v. Coster,* 18 N. J. Eq. 518 (90 Am. Dec. 634); *Matter of Canal Street,* 11 Wend. 154; *State v. Newark,* 37 N. J. Law, 415; *State v. Hoboken,* 36 N. J. Law, 291; *Thomas v. Gain,* 35 Mich. 155 (24 Am. Rep. 535); *Paulson v. Portland,* 19 Pac. 450; *Davis v. Litchfield,* 33 N. E. 888 (21 L. R. A. 563); *Harrisburg v. Segelbaum,* 24 Atl. 1070 (26 L. R. A. 834); *Hammett v. Philadelphia,* 65 Pa. St. 150 (3 Am. Rep. 615); *Crawfordsville Music Hall Ass'n v. Clements,* 39 N. E. 540.

The charging of interest upon assessments prior to the time they were payable was illegal. *Sargent v. Tuttle,* 34 Atl. 1028 (32 L. R. A. 822). The provisions for the collection of the assessments by installments were illegal and void. *Davis v. Litchfield,* 33 N. E. 888 (21 L. R. A. 563); *State v. Borough Commission,* 15 Atl. 529; Dillon, Municipal Corporations, 389. The attempted sale for such installments, or any thereof, is a nullity. *Culver v. People,* 43 N. E. 812; *Farrell v. West Chicago,* 44 N. E. 527.

*A. G. Avery, C. S. Voorhees,* and *Reese H. Voorhees,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action is brought to set aside the sale of lots in the city of Spokane made to enforce certain street grade assessments, and to enjoin the defendant city treasurer from issuing deeds for said lots, and to quiet plaintiffs' title against all claims arising under the assessments and attempted sales. A demurrer was sustained to appellants' amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action. Appellants declining to amend, judgment was entered in favor of the respondents. From this judgment the present appeal is taken. By ordinance passed May 23, 1888, the city council of Spokane Falls established the grade of Monroe street within certain limits, and by ordinance passed May 29, 1888, authorized the grading of Monroe street within those limits and created an assessment district. In 1893 the city, deeming that the assessment was illegal, by an ordinance approved June 28, 1894, numbered A 434 under the provisions of the act of the legislature of 1893, made a re-assessment of the lots within the assessment district, and the sales made were based upon this re-assessment. An assessment roll was prepared in compliance with the said ordinance No. A 434, and notice was given in the official paper that the assessment roll was filed, was open for inspection, and that the city council would meet at a given date to hear and consider objections to such assessment roll by parties aggrieved by such assessment. By ordinance A 555, approved March 2, 1895, the city council found and determined that all the proceedings in making the improvement and in levying the assessments were regular, that the amounts assessed were correct, and ordered that said assessments and proceedings be approved and confirmed in all things. In this ordinance they ordered that the assessments should be paid to the city treasurer in ten equal annual installments, with

interest at the rate of eight per cent. per annum from the first day of May, 1895, the first of said installments to become due and payable on the first day of May, A. D. 1896, together with interest for the preceding year upon all the unpaid installments, and one installment annually thereafter, with interest as aforesaid, should become due and payable until the whole should be collected.

The first contention of the appellants is that the original assessment was valid and that, therefore, no authority to make a re-assessment existed. It is alleged in the complaint that the improvements were assessed on the original roll, but it is insisted that, because the valuation of these improvements were stated separately, the invalidity of the assessment on the improvements did not affect the validity of the assessment upon the land. We think, however, that this question was decided squarely against the appellants' contention in *Spokane Falls v. Browne,* 3 Wash. 84 (27 Pac. 1077). The case is attempted to be distinguished by appellants, but from an investigation of the opinion in that case and the briefs filed the attempt to distinguish seems to us to be unsuccessful. On the point raised by the appellants in this case the court there said:

"But it is suggested that, if property was assessed which should not have been placed upon the assessment roll, this court ought to disregard it and let the assessment stand for the amount justly chargeable against respondents. That would be equivalent to making a new roll and a new assessment, which is clearly beyond our power or province."

It was upon the authority of the expressions of this court that the old assessment was abandoned by the city and the new one made, and we do not think it would be just to place any limitations on the rule heretofore announced, the effect of which would be to destroy the validity of the assessment now relied upon. See, also, *Town of*

*Tumwater v. Pix,* 18 Wash. 153 (51 Pac. 353); *State ex rel. Hemen v. Ballard,* 16 Wash. 418 (47 Pac. 970).

It is contended, in the second place, that ordinance A 434, which provides for the re-assessment, is unconstitutional and void. The cases cited under this head, it seems to us, are entirely inapplicable, and it does not appear to us that any particular constitutional right is invaded by these ordinances; besides, it was decided by this court in *Northwestern & P. H. Bank v. Spokane,* 18 Wash. 456 (51 Pac. 1070), and in *New Whatcom v. Bellingham Bay Imp. Co.,* 16 Wash. 131 (47 Pac. 236), that the fact that an assessment was not legally levied as respects benefits charged could not be urged in a foreclosure proceeding when objection had not been urged at the time of making the assessment. This proposition has so often been decided by this court that it seems unnecessary to discuss it here.

As to appellants' third point, viz., that the city council was without jurisdiction to sit as a board of equalization, or to pass upon the validity of the re-assessment ordinance, see *Bellingham Bay Imp. Co. v. New Whatcom, ante,* p. 53, decided October 10th, 1898, where this proposition was examined at length, and the constitutionality of the law granting such power to the city council was sustained. We have read the briefs of appellants on this point and have examined the authorities cited, but are, notwithstanding, content with the rule announced in the last case above cited. Points four, five, six and seven have been decided adversely to appellants' contention in *Town of Tumwater v. Pix,* 18 Wash. 153 (51 Pac. 353); *New Whatcom v. Bellingham Bay Imp. Co.,* 16 Wash. 131 (47 Pac. 236); *Northwestern & P. H. Bank v. Spokane,* 18 Wash. 456 (51 Pac. 1070), and *Bellingham Bay Imp. Co. v. New Whatcom, ante,* p. 53.

We do not think there is any merit in the contention that the city did not have power to direct payment of the

re-assessment in installments without issuing bonds. The law does not direct the particular manner in which the collection shall be made, and it seems to us that the provisions of the law generally relegate this power to the discretion of the city authorities; besides, it seems to be directly authorized by the statute, Bal. Code, § 739 (1 Hill's Code, § 520).

In relation to the ninth point, there seems to us to be no legal objection to the charging of interest, but, in any event, no proper offer of payment has been made by the appellant to entitle him to a reversal in this respect. Nor do we think there is any merit in the tenth contention, as there is no prohibition in the ordinance against the payment of the assessment in full. We do not think there is anything in the contention that the re-assessment is not a lien upon the property re-assessed. The whole tenor of the act of 1893 (Bal. Code, §§ 1139-1149) is to the effect of creating a lien.

It is next contended that an assessment for the improvements within the limits of the assessment district in which plaintiffs' property is located had been fully paid, satisfied and discharged, and that the city, by amendment No. 40, abandoned the plan for making the property abutting on the assessment district liable for improvements theretofore made, and that it was the intention of the city to pay the expenses of said improvements by general taxation. In the discussion of this question we are referred by both appellants and respondents to the briefs in No. 3101, *Hogan v. City of Spokane,* a case similar to the one under consideration, and in the briefs in that case, which we have considered in connection with this case, we are asked by both appellants and respondents to construe said amendment in the light of the circumstances surrounding and leading up to its enactment; and, thus considering it, and considering it also in relation to the re-assessment law of

1893, and with the decisions of this court prior to its enactment, we do not think the city had the slightest intention to permanently assume the payment of the expenses of these improvements or of relieving the abutting property owners of this burden. This is the clearly expressed intention of the law as shown by the following language used in § 6, Laws 1893, p. 229 (Bal. Code, § 1144):

"It being the true intent and meaning of this act to make the cost and expense of all local improvements payable by the real estate benefited by such improvement by making a re-assessment therefor."

In *McEwan v. Spokane,* 16 Wash. 212 (47 Pac. 433), it was held that in cases of this kind the city was primarily liable for expense of the improvement, and the ordinance was doubtless passed in conformity with that opinion. There is nothing in the amendment, construed as a whole and in the light of the circumstances surrounding its enactment, indicating the intention of the city to relieve the property holders from paying for these improvements. On the other hand, the amendment by express words provides that it shall not be construed to render the city liable for the payment of warrants issued for local improvements. It is contended by the appellant that this language refers only to subsequent improvements, but we do not think the language will bear such a construction, and the subsequent acts of the city almost immediately following render certain the construction above given. Nor do we think there are any equities in this particular belonging to the property owners, for the failure of the city to collect was primarily caused by the refusal of the property owners to pay the assessment. The further defense of double taxation, even if it were shown that there was double taxation, is not available to defendant under the complaint, for he must first show that he has paid one of the taxes before he asks to be relieved from the other. The

last contention is that the city had no right to purchase at the sale, but, in addition to the fact that we think, under the laws and ordinances of the city, that it did have such right, it does not appear that the plaintiff was injured by reason of the purchase by the city. We are ¦satisfied that all the questions raised outside of those which should have been submitted to the council when the assessment was made are without substantial merit, and do not, therefore, appeal to a court of equity.

Affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.