J. W. Turner Improvement Co., Appellant, v. City of Des Moines, Appellee.

Municipal corporations: PUBLIC IMPROVEMENT: DELAY IN MAKING ASSESSMENTS: DAMAGES. A city is liable to a contractor for loss of interest on assessment certificates due him for a public improvement, because of unreasonable and negligent delay of the city in making valid assessments therefor, and in failing to deliver the same within a reasonable time after completion and acceptance of the work by the city.

Same: LEVY OF ASSESSMENTS: DILIGENCE. Under a contract requiring a city to levy an assessment for a public improvement against the property benefited and to issue certificates therefor, it is the duty of the city to proceed with reasonable diligence in making the assessments, after the work has been completed.

Pleadings: DEMURRER: EFFECT. A demurrer to a petition charging negligence admits the negligence as charged, so far as a determination of the demurrer is concerned.

*Appeal from Polk District Court.*—Hon. Hugh Brennan, Judge.

Monday, June 10, 1912.

Action at law to recover damages for loss of interest

on certain assessments for street improvement due to the unreasonable and negligent delay of the city in levying the assessments against the property benefited by the improvement. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Reversed* and *remanded.*

*Bowen & Alberson* and *Read & Read* for appellant.

*R. O. Brennan, H. W. Byers* and *Eskil C. Carlson* for appellee.

DEEMER, J.—Plaintiff had a contract with defendant city for the construction of a sewer. Under the terms of the contract work was to be completed on or before September 1, 1908. Payment was to be in assessment certificates to the extent that the city had power to assess against abutting property, and the remainder was to be in city warrants drawn upon the sewer fund. Whenever sections of the work were completed to the satisfaction of the city engineer and board of public works, the city was to cause assessments to be made against the property liable to assessment.

The contract between the plaintiff and the city contains the following, among other, provisions:

And the party of the first part hereby agrees to receive the said certificates and warrants, if any be issued in case of deficiency, in full payment and compensation for all work and material furnished in the performance of this contract without recourse to the city of Des Moines, it being expressly understood that the duty and liability of said city of Des Moines to the party of the first part, or to any other person claiming under the assessment certificates herein provided for to said first party, or the person or persons entitled thereto, and in case of any deficiency between the contract price and the amount of the certificates issued, and warrants are issued because thereof, that the duty and liability of the city of Des Moines to the party

of the first part, or any person claiming under him, shall be confined to the levying of the tax for funds upon which said warrants are to be drawn, the drawing and delivering of the warrants, and its power to make and do the same and that no other or further liability is hereby incurred by or imposed upon said city of Des Moines. It is further agreed by and between the parties to this contract that in no event shall the compensation due the party of the first part for material furnished and labor done, be payable out of the general revenues of the city of Des Moines, but the said work done and materials furnished shall be paid for in the certificates and warrants herein provided for, said warrants to be drawn and paid out of the city sewer fund (improvement), and from no other fund or funds of the city of Des Moines. . . . The party of the first part shall present to the board of public works any claim or claims against the city for damages, growing out of the performance or nonperformance of this contract, or for any tort or alleged wrongful act of the city, in relation to the work to be performed under this contract, and such claim or claims must be adjusted and settled, and a release in full of all claims against the city thereunder, signed by the party of the first part, before the certificates above specified will be delivered or other payments made under this contract, and all claims not so presented shall be deemed waived. . . . The party of the first part shall present in writing to the superintendent of the department of streets and public improvements or city council any claim or claims for extras or additional compensation of any kind or for damages growing out of the nonperformance of this contract, or for any tort or alleged wrongful act of the city or any officer or employee or for any other matter or thing whatsoever, in relation to or growing out of the work to be performed under this contract. Said claim or claims must be presented within twenty days after the right thereto shall arise and at or before the time when the next estimate or installment shall be due. Any claim or claims not so presented shall be deemed waived. All such claims must be adjusted and settled and a release in full of all claims against the city signed by the party of the first part must be filed with the auditor before the certificates above specified will be delivered or other payments made under this contract.

Plaintiff in his petition charges, among other things. that it completed its work on the different sewers and sections thereof within the time fixed for each and all, but that the city was negligent in preparing its plats and schedules and in the posting of notices, and that the same were void and of no validity; that in recognition of these defects the city thereafter made another attempt to comply with the law in these particulars, but by reason of carelessness and neglect these too were defective and of no validity, and that it thereupon a third time attempted to take the steps necessary to a valid assessment and finally accomplished the same on September 25, 1908. We here quote from the first count of the petition the following:

That by reason of the fault and neglect of the city of Des Moines, its officers, agents, servants and employees. as hereinbefore complained of, in the making, publishing and posting of the faulty and defective plats, schedules and notices thereof and the unreasonable delay in delivering the certificates above mentioned to the plaintiff in payment for the construction of section "D" of the west end extension to the Ingersoll run sewer, as hereinbefore described, this plaintiff has been damaged in the sum of one hundred twenty-five dollars and seventy-five cents (125.75). No part of which has been paid and the amount of which, though often demanded by the plaintiff of the defendant, has been refused.

The second count of the petition has reference to another sewer constructed under a like contract and states that, on account of the negligence of the defendant in following statutory requirements, it did not succeed in making valid assessment certificates until March 15, 1909, whereas it should have made them not later than January 4, 1909. The same allegations of negligence and damages are made in this count as in count 1 and need not be repeated.

In an amendment to the petition and to each count thereof, plaintiff pleaded an ordinance of the defendant

city reading as follows: "In payment of the cost of construction or reconstruction of sewers to the extent of the amount assessed upon abutting or adjacent property, there shall be issued and delivered to the contractor special assessment certificates signed by the mayor and the city clerk, bearing 6 percent interest, and in the form and of the effect as provided in chapter 8 of title 5 of the Code." And further pleaded as follows: "That by reason of the unreasonable delay of the city of Des Moines in issuing and delivering the certificates in the sum of $19,339.62 in part payment for the work done by the plaintiff as set forth in count 1 of the petition of the plaintiff, and by reason of the fault and neglect of said city as set forth in count 1, plaintiff suffered the loss of the interest on said sum of $19,339.62 at the rate of 6 percent per annum, as provided in said ordinance as above set forth, from the 15th day of August, A. D. 1908, to the 25th day of September, A. D. 1908, or the sum of $125.75."

Th demurrer challenges the right of the plaintiff to recover on these facts on the grounds (1) that the city is not liable for the reason that its acts were both legislative and judicial in character; (2) that no negligence is shown; (3) that under the contract the city can not be made liable for interest. This demurrer was sustained and judgment was rendered against plaintiff for costs.

This appeal presents but a single question and that the liability of the city for damages or interests arising out of its negligent delay in failing to make valid assessments upon property benefited by the construction of a sewer and for its carelessness in delivering the same to the contractor within a reasonable time after the work is completed and accepted by the city. Negligence of the city is properly pleaded, or at least sufficiently pleaded in the absence of a motion for a more specific statement, and we must assume that the city was negligent

1. MUNICIPAL CORPORATIONS: public improvement: delay in making assessments: damages.

in failing to make timely assessments. The only question, then, left for decision is, Is it liable for interest because of its negligent ·delay? Counsel for appellee say, "No." And the reasons given, for their faith are (a) the only liability of the city is to make the assessments and deliver them to the contractor; (b) the only remedy of the contractor is by mandamus to compel the city to act; (c) the city had the right of reassessment under section 837 and in following this remedy it is not liable for resulting delays; (d) the city fully complied with the terms of its contract, and hence there can be no further liability on its part. These propositions hardly meet the question presented. They all proceed upon the theory that the city has not been at fault (except perhaps those cases which say the remedy is generally by mandamus).

In undertaking to make these assessments, the city impliedly represents and agrees that it will do so in a reasonable time, and during this reasonable time the contractor is out of the use of his money and can not have interest thereon for the reason that interest can not be included in the assessment or reassessment. When the assessments are made and certificates issued, they draw interest from date until paid under the statutes in force in this state. Now we have held that if the city, through negligence or otherwise, fails to make and deliver valid assessments and assessment certificates to the contractor where under the terms of the contract he is to receive his pay in such assessments or assessment certificates, it (the city) is liable to the contractor and judgment may be rendered against it. *Ft. Dodge v. City of Ft. Dodge*, 115 Iowa, 568; *Slutts v. Dana*, 138 Iowa, 256. These cases dispose of the thought suggested for appellee that the city is not liable because its act is either legislative or judicial. Indeed it scarcely need be said that its act is not of either character but wholly administrative. *Field v. Barber Asphalt*

Co. (C. C.) 117 Fed. 925; *Crawford v. Mason*, 123 Iowa, 301.

II. The contracts between plaintiff and defendant also contained the following provisions not hitherto set forth:

Whenever the party of the first part shall have completed to the satisfaction of the board of public works and the city engineer all of the work contained in any one of the sections shown on the plat attached to this contract and designated as "A," "B," "C," and "D," an assessment will be made by the city of Des Moines against the property embraced within such section, liable to assessment for the cost of such sewer, for so much of the cost of such sewer as is properly assessable against such property and assessment certificates will be issued to the party of the first part for such assessments and as the party of the first part shall complete the work embraced in each of the other of said sections, assessments will be made and assessment certificates issued in like manner against the property embraced in such section liable to assessment for the cost of such sewer. It is further agreed that the cost of said work shall be assessed according to benefits against private property fronting or abutting upon the street or streets upon which said improvements are made to the extent that the same is assessable by law, and assessment certificates issued against such special assessments at the time hereinafter set forth and in the manner provided by law, and the ordinances of the city of Des Moines, relating to the sewering of streets and alleys and providing for the assessment of the cost thereof against abutting property and the issuance of assessment certificates therefor.

*2. SAME: levy of assessments: diligence.*

The contract as a whole clearly shows that it was the duty of the city to proceed with reasonable diligence in making assessments after it accepted the work, and, if liable personally for failure to make proper and valid assessments, there is no reason why it should not be held liable for negligent delay in making the assessments. In-

deed, to be entirely logical, we must hold that there is liability for negligence in making these assessments. Such seems to be the holding in New York. See *Reilly v. City of Albany*, 112 N. Y. 30 (19 N. E. 508), wherein it is said:

When the contractor had performed his work according to his contract, he had no duty remaining to discharge, and then he had a right to rely upon the implied obligation of the city to use with due diligence its own agencies in procuring the means to satisfy his claims. It could not have been supposed that he was not only to earn his compensation but also to set in motion and keep in operation the several agencies of the city government, over whom he had no control, to place in the hands of the city the funds necessary to enable it to pay its obligations. That was a power lodged in the hands of the city, and the clear intent of the contract was that it should exercise it diligently for the purpose of raising the funds necessary to pay for the improvement. For an omission to do so it would become liable to pay such damages as the contractor might suffer by reason of its neglect of duty.

In *Commercial Bank v. City*, 24 Or. 188 (33 Pac. 532 41 Am. St. Rep. 854), the court said:

When the city orders a local improvement, the duty devolves upon it to put the necessary machinery in motion to raise the funds to pay for it by assessments upon the property effected. This duty devolved upon the city when it ordered the improvement on Twelfth street, so that when the defendant entered into a contract for doing the work, and the contractor stipulated to look for payment to the special fund to be raised by assessments, the obligation rested upon the city to prosecute in good faith and with reasonable diligence the means afforded to it, under its charter, to raise and collect the fund necessary to redeem its obligation. . . . It has been repeatedly held that it is presently liable, if the failure of the city to raise the fund and pay over the same to the contractor is due to its own neglect or unreasonable delay. . . . The theory is that, when the municipality passes an ordinance

for a local improvement, it is its duty to prosecute with diligence the means afforded to it, under its charter, to realize the fund to pay for such improvement out of the property benefited. When therefore a city orders a local improvement and enters into a contract for doing the work containing a stipulation that the contractor will look for payment to the fund so realized, such stipulation does not absolve the city from the performance of its duty to put and keep in motion the machinery to obtain such fund, but the contract is based on the obligation of the city to perform its duty, in consideration of which the contractor stipulates to look for payment to the fund realized from its performance. So that, if a city. fails to perform its duty, or, owing to its neglect or unreasonable delay, fails to obtain such fund, it is guilty of a breach of duty and is liable.

See, also, in support of this rule, *McEwan v. City,* 16 Wash. 212 (47 Pac. 433); *Seifert v. City,* 101 N. Y. 136 (4 N. E. 321, 54 Am. Rep. 664); *Philadelphia Co. v. City,* 19 Wash. 225 (52 Pac. 1063); *Denny v. Spokane,* 79 Fed. 719 (25 C. C. A. 164); *Barber Co. v. City,* 72 Fed. 336 (19 C. C. A. 139); *Bowery Bank v. Mayor,* 8 Hun, 224.

III. These rules are salutory and seem to be well settled. That plaintiff may have some difficulty in proving his case does not now concern us, for defendant admits

3. PLEADINGS: de-murrer: effect.

its culpable negligence by filing its demurrer. Again, while some suggestion is made for defendant that plaintiff has waived his right to recover, no such issue now appears. We reach the conclusion that plaintiff's petition states a good cause or causes of action, and that the demurrer should have been overruled.

It follows that the judgment must be and it is reversed and the cause remanded for further proceedings in harmony with this opinion.—*Reversed* and *remanded.*