[No. 1258. Decided October 24, 1894.]

9 639
10 378
38* 163
38*1025

THE CITY OF NEW WHATCOM, *Appellant*, v. THE BELLING-
HAM BAY IMPROVEMENT COMPANY, *Respondent*.

[No. 1259. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. THE BELLING-
HAM BAY IMPROVEMENT COMPANY, *Respondent*.

[No. 1315. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. THE BELLING-
HAM BAY IMPROVEMENT COMPANY, *Respondent*.

[No. 1316. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. THE BELLING-
HAM BAY IMPROVEMENT COMPANY, *Respondent*.

[No. 1317. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. THE BELLING-
HAM BAY IMPROVEMENT COMPANY, *Respondent*.

[No. 1313. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. M. L. STANG-
ROOM *et al.*, *Respondents*.

[No. 1314. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. E. R. MOR-
GAN *et al.*, *Respondents*.

[No. 1337. Decided October 24, 1894.]

THE CITY OF NEW WHATCOM, *Appellant*, v. E. F. G. CAR-
LYON *et al.*, *Respondents*.

STREET IMPROVEMENTS — ASSESSMENT OF BENEFITS — HOW MADE.

An assessment for the cost of a street improvement, charging
each lot with the expense of the work in front of it, is invalid under
Gen. St., § 641.

A court of equity is not barred by the record in an action in-
volving the validity of an assessment for a street improvement
from inquiring into the facts upon which the assessment is based,
by the admission of testimony outside the record.

*Appeal from Superior Court, Whatcom County.*

Actions by the City of New Whatcom against the Bellingham Bay Improvement Company (five in number), M. L. Stangroom and wife, E. R. Morgan and wife, and E. F. G. Carlyon and others, for the foreclosure of street improvement assessments. Judgment for defendants, and the plaintiff appeals. The actions were consolidated for hearing on appeal, and one opinion rendered in the eight causes.

*Cade & Freeman*, and *John R. Crites*, for appellant.
*C. W. Dorr*, and *Black & Leaming*, for respondents.

The opinion of the court was delivered by

STILES, J. — The above entitled cases present the appeals of the city of New Whatcom from judgments of the superior court of Whatcom county dismissing suits for the foreclosure of street improvement assessments, commenced in pursuance of Gen. Stat., § 641, applicable to cities of the third class. A great number of points against the validity of the assessments are made by the respondents, and in support of the court's action; some applying to all of the cases, and some to one or more only. But there is one of these points, which is raised in every case, which the record shows was probably the real basis of the judgments of dismissal, and which we consider as conclusive of the correctness of the action taken. When it came to the point of assessing the cost of the several improvements upon the lands fronting thereon, the city sent out its engineer, who measured and estimated the cost of the work in front of each lot, and reported it to the street committee of the council. The committee reported the engineer's estimates as the "expense of the work in front of each tract," and the council adopted the same as its equalization and assessment of the benefits to each tract. This was, if anything,

a more odious method of assessing the cost of street work than that of frontage, which was recently condemned in *Town of Elma v. Carney, ante,* p. 406, and finds even less justification under the statute.    In one instance — Garden street, from Ivy to Cedar, three blocks, including forty-eight lots, each of the same size — the assessments varied from $79.87 to $494.98 per lot.    On another portion of the same street, improved under the same resolution, lot 6 in block 81, valued at only $600, was assessed in the sum of $500 for this improvement, while lot 3 in block 90, directly opposite, was valued at $700 and assessed for only $125.02; the reason being that in front of the former lot there was a fill of twenty-seven feet, while in front of the latter there was a cut of seven feet.    Dock street was improved for two blocks only, the assessment embracing sixteen lots.    Two lots valued at $7,000 and two valued at $6,200 are assessed for $15.41 and $53.03, respectively, while two lots valued at $3,500 are taxed $1,813.03, and one valued at $1,000 is taxed $1,000.07.

The method of assessment employed appears from the face of the rolls, but testimony *aliunde* was admitted, and we see no valid objection to that course. *Rubber Co. v. Commissioners,* 38 N. J. Law, 190; *Johnson v. Milwaukee,* 40 Wis. 315.    The various certificates attached to the assessment roll cannot estop a court of equity to inquire into the facts upon which they are based. *Baer v. Choir,* 7 Wash. 631–639 (32 Pac. 776, and 36 Pac. 286).

Judgments affirmed.

DUNBAR, C. J., and ANDERS and SCOTT, JJ., concur.