[No. 1408.  Decided December 26, 1894.]

### THE CITY OF NEW WHATCOM, *Respondent, v.* THE BELL-INGHAM BAY IMPROVEMENT COMPANY, *Appellant.*

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ESTOPPEL.

Acquiescence on the part of an abutting owner in a street improvement does not estop him to claim that the assessment is not authorized by law.

*Appeal from Superior Court, Whatcom County.*

*C. W. Dorr,* for appellant.

*Cade & Freeman* and *John R. Crites,* for respondent.

The opinion of the court was delivered by

STILES, J.—This case was commenced for the foreclosure of a street assessment lien, for the improvement of Holly street from Forrest to Harrison. It was in nearly all of its facts exactly like *City of New Whatcom v. Bellingham Bay Improvemeut Co.,* 9 Wash. 639 (38 Pac. 163); but having been the first case of that series tried there was a judgment for the city. The method of assessing cost of improvement in front of each lot prevailed in this instance as well as the others, and that fact must cause a reversal.

An appeal is made here to sustain the judgment because the agents of the appellants stood by and saw the work being done and did not interfere by injunction. Where juris-

diction has been obtained to do such work by local assessments, acquiescence on the part of the abutting owner may be invoked against a claim of mere irregularities on his part, but no such principle can be applied when the assessment is one not authorized by law, as in this case. *Vancouver v. Wintler*, 8 Wash. 378 (36 Pac. 378); *Howell v. Tacoma*, 3 Wash. 711 (29 Pac. 447, 28 Am. St. Rep. 83); Welty, Assessments, § 307; *State v. District Court*, 29 Minn. 63 (11 N. W. 133).

Judgment reversed and cause remanded for dismissal.

DUNBAR, C. J., and SCOTT, J., concur.