[No. 2763. Decided April 11, 1898.]

THE PHILADELPHIA MORTGAGE AND TRUST COMPANY, *Respondent,* v. CITY OF NEW WHATCOM, J. J. WEISENBURGER, *Mayor, et al., Appellants.*

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — RE-ASSESSMENTS — INTEREST — MANDAMUS.

In making a re-assessment to cover the cost of a street improvement, the original assessment for which had been declared void, the city should, under Laws 1893, p. 229, § 6 (Bal. Code, § 1144), include in such new assessment the accrued interest upon the sums due for making such improvement.

The failure of a city in making a re-assessment to provide a special fund to pay for a street improvement, to include accrued

15—19 WASH.

interest therein, will render the city liable for the amount of such interest, although the creditor against such fund may have taken no action to have the city include such interest in the re-assessment proceedings.

Where a city has provided a special fund by re-assessment proceedings to pay for the cost of a street improvement, owing to the invalidity of the original assessment, and make such re-assessment cover only the actual cost of the improvement without the accrued interest, mandamus will lie to compel the city to apply moneys in such special fund to the payment of the oldest outstanding warrant together with the accrued interest thereon, even though the fund will be exhausted thereby to the exclusion of some of the outstanding warrants.

Appeal from Superior Court, Whatcom County.—Hon. H. E. HADLEY, Judge. Affirmed.

*S. W. Freeman,* for appellants:

The property owner was and is entitled to have a valid assessment upon his property before he can be asked or expected to pay, and until that has occurred and the assessment become delinquent, he could not, under any theory of the law, be compelled to pay interest (if he can or could be compelled to pay interest at all) on the assessment. The assessment, styled a "re-assessment," is in fact the only assessment for the same tax—the first being only an attempt and a failure. Welty, Assessments, § 198. "A tax never bears interest, either as interest or damages, except by force of statute." *State v. Baldwin,* 62 Minn. 518; *Texarkana Water Co. v. State,* 62 Ark. 188; *Commonwealth v. Owensboro, etc., R. R. Co.,* 23 S. W. 868; *Camden v. Allen,* 26 N. J. Law, 398; *Lane County v. Oregon,* 7 Wall. 71 (19 Law. ed.); *Meriwether v. Garrett,* 102 U. S. 513 (26 Law. ed.); *Commonwealth v. Standard Oil Co.,* 101 Pa. St. 149; *Evansville & T. H. R. R. Co. v. West,* 37 N. E. 1009; *Lake Shore & M. S. Ry. Co. v. People,* 46 Mich. 193. An assessment is a tax. *Nichols v. Bridgeport,* 23

Conn. 189 (60 Am. Dec. 636); *Zottman v. San Francisco*, 20 Cal. 91 (81 Am. Dec. 96). "A municipal by-law cannot require interest on an assessment, unless authorized by statute." *Sargent v. Tuttle*, 67 Conn. 162 (32 L. R. A. 822); *Haskell v. Bartlett*, 34 Cal. 283; *Tuttle v. Polk*, 50 N. W. 38.

*Kerr & McCord*, for respondent:

In this state it is settled law that the obligations of a municipal corporation draw interest from the date of their presentment. *Seymour v. Spokane*, 6 Wash. 364; *Union Savings Bank v. Gelbach*, 8 Wash. 497; *State ex rel. Theis v. Bowen*, 11 Wash. 432.

Counsel in his brief insists that the city is powerless at this time to collect interest from the property holders; was that any fault of the contractors? Had the city performed its duties in the first instance it would have been entitled to collect interest from the property holders on the 9th day of June, 1891, the date of the delinquency of the original assessment. This is certainly, under the record, a case in which the city, whose duty it is to collect this interest, has exhausted its power to do so; and, as we understand it, this is still an open question in this state as to whether the city is liable to the warrant holder, when it has exhausted its power of paying the warrant out of funds collected from the abutting property. The following cases seem to us to clearly sustain the liability of a city, when by negligence of its officers it has exhausted all power to make good a special fund from a special assessment: *Barber Asphalt Co. v. Harrisburg*, 64 Fed. 283 (29 L. R. A. 401); *Hussey v. Sibley*, 66 Me. 192 (22 Am. Rep. 557); *Fisher v. St. Louis*, 44 Mo. 482; *Louisville v. Hyatt*, 5 B. Mon. 200; *German-American Savings Bank v. Spokane*, 17 Wash. 315 (38 L. R. A. 259).

The opinion of the court was delivered by

GORDON, J.—Respondent instituted this proceeding in the superior court for Whatcom county to compel the appellants, the mayor and city council of the city of New Whatcom, and its treasurer, to pay the interest on a certain warrant drawn upon a special fund of the city created for the purpose of paying for certain street improvements. Appellants' demurrer to the alternative writ was overruled. Thereupon they answered, denying generally each and all of the allegations of the affidavit upon which the alternative writ issued, and by way of affirmative matter set out what purports to be a complete history of the warrant in question, and the circumstances attending its issue. The superior court sustained a demurrer to the affirmative matter contained in the answer, and proceeding to trial without a jury (a jury having been waived by the parties), thereafter entered judgment awarding a peremptory writ, and it is from that judgment that this appeal was taken.

There are no exceptions to any of the findings of fact and none of the evidence has been brought to this court, but it sufficiently appears from the record that in the year 1890 the former city of New Whatcom—and in this connection it is sufficient to say that the present city succeeded to all of its rights and also all of its burdens—ordered the improvement of Holly street from Forrest street to Harrison street in said city, and on the 16th day of August of that year a contract was entered into between said city and Rae & McDonald (respondent's assignors) for the work necessary to improve said street in accordance with the determination reached by the city and its authorities. Such contract contained the following clause:

" And it is further agreed by the parties of the second part (Rae & McDonald) that they will accept the warrants of the said city of New Whatcom at their face value, said

warrants to become due and payable by the city treasurer when the taxes assessed and levied for said improvement shall have been paid into the city treasury in full for all sums to become due on this contract. . . . Said warrants . . . shall draw interest at the rate of ten per cent. per annum from the 7th day of October, 1890, until paid or called in for payment by the treasurer of said city."

It appears that the work was fully completed in accordance with the terms of said contract, and in September, 1890, the following, among other warrants, was issued to the contractors, to-wit:

"No. 122.                                    "$1,179.00.

CITY WARRANT.

"Fund for the Improvement of Holly Street from Forrest Street to Harrison Street.
          "New Whatcom, Washington, Sept. —, 1890.
"The Treasurer of the City of New Whatcom:
     "Will pay to the order of Rae & McDonald eleven hundred and seventy-nine dollars from moneys of the above named fund not otherwise appropriated, payment of the approximate estimate on the street above named.
     "This warrant when presented to the city treasurer for payment and by him endorsed 'not paid for want of funds' shall draw interest at the rate of ten per cent. per annum from the date of such endorsement until paid or called in for payment; provided that in no case shall this warrant begin bearing interest previous to the 6th day of October, A. D. 1890.          (Signed.)     "E. Cosgrove, Mayor.
     "Medill Connell, Clerk."
     (Seal.)

The city proceeded to levy an assessment upon lands fronting and abutting on said street improvement for the purpose of paying the cost thereof. The assessment was completed some time in April, 1891, and became delinquent in June, 1891. In December, 1894, this court held the assessment void and unenforceable. *New Whatcom v. Bell-*

*ingham Bay Imp. Co.*, 10 Wash. 378 (38 Pac. 1024). In the following spring the city proceeded to cause a re-assessment to be made in accordance with the laws (Laws 1893, pp. 226-231; Bal. Code, §§ 1139-1149) and ordinances governing said city, which re-assessment was in an amount equal to the cost of the improvement and to the face amount of all of the warrants drawn against such special fund, not including therein any interest. This re-assessment became delinquent April 26, 1896. It appears that the city has paid to respondent on account of the warrant in question the face thereof and interest at the legal rate, viz., seven per cent. from April 26, 1896, but has refused to pay any further sum thereon. It is urged on behalf of appellants that the improvement was originally ordered by a resolution passed at an adjourned meeting of the city council, which resolution was never published, and it is contended that the city was without power to proceed in that manner. We do not find it necessary to determine that question, in view of the finding of the trial court that the improvement was made "pursuant to the ordinances and resolutions of said city," which finding was not excepted to and is conclusive. It is also urged that the city was without power to enforce the collection of interest against the abutting property prior to the date of the delinquency of the re-assessment, and for that reason the respondent is not entitled to collect it from the city. This is the principal question to which the argument of the appellants is addressed. At the time of filing the briefs in this cause that question had not been decided by this court, but in the recent case of *Northwestern & Pacific Hypotheek Bank v. Spokane*, 18 Wash. 456 (51 Pac. 1070), we held that in a proceeding to re-assess it was proper to include interest as contemplated in § 6 of the laws of 1893, p. 229 (Bal. Code, § 1144), and the re-assessment proceeding in the Spokane case, which included such in-

terest, was upheld by this court. It was our view that the statute, viz.:

"... such new assessment shall be for an amount which shall not exceed the actual cost and value of the improvement, *together with any interest that shall have lawfully accrued thereon,*"

did not admit of any other conclusion. Following the decision in that case, the contention of the appellants cannot prevail.

Only one other question needs consideration. It is whether the failure of the city authorities to include interest in the re-assessment renders the city liable for the payment of such interest. This is not a proceeding to compel payment from the general fund and it appears that there is sufficient in the special fund upon which this warrant is drawn to pay the full amount called for by the warrant itself. It is conceded that the warrant here in question is the oldest outstanding warrant on said fund remaining unpaid, but it is also shown that no interest whatever has been collected and that the whole amount assessed, when fully paid, will only equal the face of the warrants drawn upon this special fund, so that if any interest whatever is required to be paid the fund will be exhausted and nothing remain for the payment of either principal or interest upon some of the outstanding warrants upon this fund. It therefore becomes necessary to determine the question of the liability of the city for the interest stipulated in these warrants. We think that it must be held that the city is liable. The statute of 1893 authorizing the re-assessment evidently contemplates that but one re-assessment can be made. In this case the proceedings to re-assess were valid, and it is apparent that the power to proceed against the abutting property has been exhausted. Had the authorities of the city declined to take steps to re-assess (the first assessment having

been adjudged void) respondent could have compelled such re-assessment by mandamus. *State ex rel. Hemen v. Ballard*, 16 Wash. 418 (47 Pac. 970). But instead of declining to institute proceedings for re-assessment, the city authorities proceeded with commendable promptness, thereby affording respondent no cause for complaint, and, having undertaken to re-assess, respondent might well have presumed that it would do its full duty in the premises, and make such re-assessment for a sum sufficient to meet the full obligation of its contract. And we are unable to see how any ground was afforded the respondent for interference by mandamus. It had no right to assume that the authorities would neglect to make an ample assessment. Indeed, the presumptions were all the other way. The city owed a duty to the respondent and the law clothed it with ample power to enable that duty to be fully discharged. Proceedings were regularly and seasonably instituted looking thereto and the presumption of regularity which always attaches to the acts of officers and others charged with the performance of a legal duty was that nothing would be left undone which of right should be done in order to discharge the whole duty. No appreciable time intervened, after the purpose of the city authorities to make the assessment for an insufficient sum became manifest, before the completion of the proceeding. So far as the record advises us, the ordinance was introduced and passed at one session, and, when complete, the power to re-assess was exhausted. The facts and circumstances of the case at bar do not bring it within the rule announced by this court in *German-American Savings Bank v. Spokane*, 17 Wash. 315 (49 Pac. 542), and it seems to be conceded by counsel that the decision of this question is not controlled by that case. It would be novel doctrine to visit the consequences of laches and neglect upon one who has been guilty of neither, and, as already said,

we are unable to see how the respondent in the present case would have had any standing had he instituted or attempted to institute a mandamus proceeding at any time prior to final action by the city authorities.

We think the judgment of the superior court was right and it is affirmed.

Anders and Dunbar, JJ., concur.