[No. 3669.   Decided September 10, 1901.]

TACOMA BITUMINOUS PAVING COMPANY, *Appellant*, v. W.
A. STERNBERG, *Treasurer of the City of Tacoma,*
*Respondent.*

STREET IMPROVEMENTS—CONTRACT FOR PAYMENT—INTEREST ON WAR-
RANTS—MANDAMUS.

Where an ordinance providing for a street improvement
created a special fund out of which the warrants drawn in favor
of the contractor for the work should be paid; and the contract
between the city and the contractor stipulated that warrants
drawn thereon to the amount of the contract price were to be re-
ceived in payment, but that the assessment should not become due
prior to two years and one-half after the completion of the im-
provement; and an assessment roll was duly made and approved
by the city fixing the date of delinquency on the assessments for
such improvement at a period nearly two and one-half years
subsequent to the completion of the improvement, mandamus
would not lie to compel payment of interest from the local
improvement fund upon warrants issued against it and presented
prior to the date of delinquency of the special assessment levied
for the creation of such fund, since interest thereon would not
begin to run until such delinquency.

Appeal from Superior Court, Pierce County.— HON.
JAMES A. WILLIAMSON, Judge.   Affirmed.

*A. E. Buell,* for appellant.

*William P. Reynolds* and *Emmett N. Parker,* for re-
spondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action in mandamus.   The petitioner
(appellant), is the holder of street grade assessment war-
rants issued by the city of Tacoma for the improvement
of Pacific avenue in said city.   The action was begun by
motion and affidavit.   The evidence was stipulated, and

findings thereon made by the court. The defendant is the
city treasurer. The material facts are that the warrants
·were drawn upon a local improvement fund created by
the city council, and under Ordinance No. 876, passed
the 15th day of August, 1893. The ordinance creates the
fund to pay for the improvement and describes specifi-
cally the property to bear the burden. On the same day
the council adopted the following resolution:

"That the time which shall hereafter be set at which
the assessment roll for the paving of Pacific avenue from
South Seventeenth street to South Twenty-fifth street
shall become delinquent shall be at least two years from
the time of the completion of said improvement."

On the 25th of August following, the contract for the
improvement of the street was executed between the ap-
pellant and the city of Tacoma. The contract recites that
the paving company will improve the avenue in conform-
ity with the terms of the ordinance as amended, and ac-
cording to the drawings and specifications in the office of
the board of public works, for the sum of $69,950. There
is provision for the commencement of the work on the 30th
of August, 1893, the whole to be completed within ninety
days from the date of the contract, with some exceptions
for contingent delays. The manner of payment is pro-
vided,—that the city shall issue to the paving company
or its assigns warrants on the special tax fund assessed for
making such improvement to the amount of seventy-five
per cent. during the progress of the work, and the whole
thereof upon its completion,—and certain assurances are
given that claims for material and labor have been satis-
fied. It is also stipulated that, in consideration of the is-
suing of the warrants as stated, the paving company waives
the right to demand and receive payment from the city of

any money from time to time as provided in the charter, and the following stipulation is made:

"It is the understanding and agreement of the parties· hereto that the party of the second part waives all right to have the assessment upon the property owners become due prior to two and one-half years after the completion of this improvement, thereby waiving no rights, however, as to the interest to accrue on said warrants."

The work under the contract was completed by the paving company about the 1st of November, 1893. On the 17th of November, 1893, an ordinance (No. 918) was adopted by the city council authorizing the drawing of warrants on the general fund for the interest thereafter to become due on the street improvement warrants. The ordinance provided that warrants be drawn on the general fund at times thereafter to be set by the city council when the assessment roll for the improvement of Pacific avenue should become delinquent, and providing: "Said warrants shall be in an amount equal to two and one-half years' interest at eight per cent. per annum on any and all warrants which shall have been or may hereafter be issued for the improvement of the said street." The assessment roll was approved by the council on the 3d of February, 1894, and the council then, in accordance with law, fixed the time within which the assessment might be paid to the city treasurer, which time expires on the 18th of March, 1896. The contract price of the improvement was $69,950, and the amount assessed against the property owners was that amount. On the 1st day of April, 1896, appellant presented its warrants to the city treasurer, and demanded payment of the same, together with the interest accrued thereon. The treasurer tendered the amount of the warrants, together with interest accrued thereon at the rate of seven per cent. per an-

num from the 18th of March, 1896, to the 1st of April, 1896, which tender was refused by appellant, it demanding interest from the dates at which the several warrants were originally presented for payment and payment refused for want of funds, to the said 1st of April, 1896, at the rate of eight per cent. per annum. During the pendency of the action defendant has paid the plaintiff the face of the warrants without any interest thereon, under an agreement that payment shall not prejudice either party in the action. On the 1st of April, 1896, the treasurer held in cash collected upon the assessment roll $21,008.43, which sum was sufficient to pay appellant's warrants, together with interest as demanded, and also to pay all unpaid warrants drawn on the fund issued prior to plaintiff's warrants, together with interest thereon at the rate of eight per cent. per annum; and there was uncollected then upon the assessment roll $44,386.60, together with whatever interest might have accumulated from the 18th of March, 1896, to the 1st of April, 1896. There were then outstanding, unpaid, but presented for payment, warrants upon the fund to the amount of $64,775.08. The general fund warrants authorized by Ordinance No. 918 had never been issued. After the completion of the work and the assessment was made, such assessment was declared· void in the superior court of Pierce county, which decision was affirmed upon appeal to this court, and, the city under the statute authorizing reassessments, is reassessing the cost and expense of the improvement upon the abutting property for the same sum as specified in the original assessment, together with interest from the 18th of March, 1896.

The warrants held bv appellant were originally presented in the fall of 1893. It will be observed that the contract provided that appellant waived all right to have

the assessment become due until two and one-half years after the completion of the improvement. The resolution adopted at the same time the ordinance was enacted shows that the local tax assessed was not to be due until at least two years from the time the improvement was made. The stipulations of the contract show that the local improvement warrants, when issued, were received by appellant in payment. It is apparent from the resolution and the contract that no interest would accrue upon these warrants issued against the improvement fund until the tax became delinquent, March 18, 1896; that is, the taxpayer against whom this special fund was levied could not be charged with interest until his delinquency occurred. The ordinance providing for the local improvement made provision for the payment of a certain sum, and the assessment was levied in that amount. At this time the contract gave the appellant the right to have collected the sum assessed. It was its duty to look to this fund for its complete payment. It has been determined that there is no general liability of the city for either principal or interest on such warrants, in the absence of a specific contract on the part of the city or the city's actual collection and misappropriation of the funds from the local assessment. The case of *Philadelphia Mortgage & Trust Co. v. New Whatcom*, 19 Wash. 225 (52 Pac. 1063), cited by counsel for appellant, has been virtually overruled and the rule just stated announced in *Potter v. Whatcom*, 25 Wash. 207 (65 Pac. 197). But we have seen from the purport of the contract and the resolution it was not in contemplation that these warrants should bear interest until due; that is, until the tax became delinquent. The special fund created for the payment of the local improvement is or will be in the possession of the city treasurer for the payment of appellant's warrants, and all others issued against

the fund, and payable, with interest thereon from the 18th day of March, 1896, at seven per cent. The special fund was limited to the estimated cost and contract price, and the appellant contracted to look to this fund for its payment. It is evident that at the time the demand was made and the action instituted, the tender of the defendant was all that plaintiff was entitled to out of the local improvement fund. Whatever claim appellant may have by virtue of Ordinance No. 918, providing for the drawing of warrants on the general fund for interest for two and one-half years at eight per cent., is not before the court in this action. This is a proceeding in mandamus to compel the city treasurer to pay what is due appellant from the local improvement fund created by the city council. As has been seen, the city treasurer tendered the amount due appellant on its warrants from this fund. There is no plain nor clear duty imposed on the treasurer to pay from any other fund any amount claimed by appellant. Suggestions of claims against the city generally for interest, urged by counsel for appellant, cannot be the subject of litigation in this proceeding.

The judgment is affirmed.

ANDERS, FULLERTON, WHITE and DUNBAR, JJ., concur.