[No. 4980. Decided July 14, 1904.]

## LUCIEN H. ALEXANDER, *Appellant,* v. CITY OF TACOMA et al., *Respondents.*[1]

MUNICIPAL CORPORATIONS — LOCAL IMPROVEMENTS — ASSESSMENTS—HEARING ON OBJECTIONS—PROMISE OF CITY TO GIVE NOTICE OF ADJOURNMENT. Where proceedings are instituted before a city council to reassess property for local improvements and, pending a hearing thereon, adjournments are taken, and the city officials promise an objector to give notice of the time to be thereafter set for the hearing, the promise relates only to the pending proceeding, and not to a subsequent proceeding begun after the abandonment of the first.

SAME—INDEFINITE ADJOURNMENT—RIGHT TO RELY ON PROMISE OF NOTICE. A property owner objecting to proceedings to reassess property has no right to rely upon an oral promise made by city officials that he would be given notice of the time to be thereafter set for hearing his objections, after the hearing had been adjourned to an indefinite date.

SAME—OBJECTIONS TO BE MADE BEFORE CITY COUNCIL. Objections to assessment proceedings not going to the jurisdiction must be made before the city council on the hearing pending the confirmation of the proceedings.

SAME—OBJECTIONS NOT GOING TO JURISDICTION—WAIVER. Objections to a local improvement assessment, that it was made without regard to benefits, that it exceeded the actual cost, that it included the cost of future repairs, and exceeded the benefits, do not go to the jurisdiction of the council to make a reassessment under the act of 1893, and are waived if not made before the city council.

[1]Reported in 77 Pac. 686.

SAME—CONSTITUTIONAL LAW—DUE PROCESS—PROMISE OF NOTICE OF HEARING OBJECTIONS. The fact that a property owner was lulled into security by a promise of city officials to give him notice of the time to be fixed for a hearing upon his objections to an assessment for local improvements does not deprive him of his property without due process of law, where he had no right to rely upon the promise.

*Ellis & Fletcher* and *Arthur Remington,* for appellant.

*Emmett N. Parker, Harvey L. Johnson,* and *E. R. York,* for respondents.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 20, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to cancel an assessment for local improvements. Affirmed.

FULLERTON, C. J.—On May 14, 1892, the city council of the city of Tacoma passed a resolution declaring it to be its intention to improve that part of Tacoma Avenue between the center of North Fourth street and the center of North Fifth street, by "paving the roadway fifty-four (54) feet wide with bituminous rock, upon six (6) inch concrete foundations." Thereupon the city engineer made a survey of the contemplated improvement, prepared a diagram of, and specifications for, the same, and made an estimate of the cost thereof, including within his survey, diagram, specifications, and estimate of cost, 640 lineal feet of eight foot walk, and 677 lineal feet of concrete curb, not mentioned in the resolution of the city council. Bids for the work according to the diagrams and specifications of the city engineer were advertised for, and a contract let to the lowest bidder thereon, being for the sum of $5,795. Included in this contract was a clause by which the contractor guaranteed to keep the

pavement in repair for a period of five years. The contractor entered immediately upon the performance of the work, and completed the same about the middle of September, 1892. Thereupon the city council levied an assessment upon the property benefited, to pay the cost of the work, in the sum of $5,800, or five dollars in excess of the contract price.

On January 28, 1893, and after the city officers had commenced proceedings to enforce collection of the assessment, one J. D. McAllister brought an action against the city to restrain collection of the assessment, and to cancel the same. Issue was taken on the allegations of the complaint, a trial had, and a judgment entered dismissing the action. This judgment was reversed on appeal to this court (9 Wash. 272, 37 Pac. 447), and the cause remanded, with instructions to enter a judgment cancelling the assessment.

On February 15, 1896, the city council attempted a reassessment of the property, under the act of 1893, by passing an ordinance authorizing such a reassessment. Under this ordinance a reassessment was made by the assessing officers, according to benefits, the officers finding that the several lots were benefited equally, and to an amount equal to the original assessment. After the assessment roll had been returned, notice was given of the filing of the same and a time fixed when objections thereto would be heard. The appellant, within the time required, filed objection to the assessment, and at the time fixed appeared to contest the same, when the hearing was postponed by the committee of the council having the matter in charge, to a day certain, and on the latter day to no fixed date, but with the understanding that it might be called up after notice to the parties interested. Nothing further

was done in the matter until July 11, 1896, when the city
council, without notice to the appellant, dismissed the
proceedings by repealing the ordinance authorizing the
assessment.    At this same date a new ordinance was
introduced, providing for a reassessment of the property,
which passed the council on July 18, 1896.    This last
ordinance was in turn repealed on July 15, 1897, and
on July 18, 1897, the council passed ordinance No. 1214,
being the fourth ordinance providing for an assessment
of the property benefited, and the ordinance under which
the assessment now in question was made.

This last ordinance recited, among other things, the
making of the original improvement and the original
assessment to pay the cost of the same; the fact that the
original assessment was approved and confirmed by the
city council, but was thereafter declared void by the
courts; and that it was intended, by the ordinance in
question, to reassess the property to pay the cost of the
original improvements, reciting further that the cost of
the improvement was $5,800.    The ordinance directed
that an assessment be made by the commissioner of public
works on the lots benefited by the improvement, in an
equitable manner according to benefits, to an amount
equal to the cost of improvement, as recited in the ordi-
nance, and interest thereon from November 30, 1892, at
the legal rate.

The officer named in the ordinance made a new assess-
ment in accordance therewith, valuing the benefits to
the several lots equally, and at sums the aggregate of
which equaled the amount of the original costs and inter-
est, as directed in the ordinance.    On the filing of the
assessment roll with the city clerk, that officer caused
to be published the required notice of the time and place

when and where objections thereto could be heard. On the day fixed for the hearing, no objection having been filed, the city council examined the roll, and by ordinance approved and confirmed the assessment, as made by the commissioner, and directed that the city treasurer proceed to collect the same. No notice, other than that required by statute, was given the appellant of any of these subsequent proceedings, and he had no actual notice thereof until after the actual proceedings had been confirmed by the city council, and his right of appeal therefrom to the superior court had expired.

The appellant owns a lot abutting upon the improved street, which is among the lots assessed to pay for the improvement, and he brings this action asking the court to direct that the city council reopen the assessment proceedings, and, after permitting the appellant to file his objections thereto, reconsider and rehear the matter in the light of such objections, the same as if they had been presented in due time at an original hearing; and, in the meantime, enjoin a sale of the property. He contends that, because he once appeared before the city council in opposition to the reassessment, and was promised by the city officers that his counsel should be personally notified of the subsequent proceedings taken in the matters then pending, he was entitled to be personally notified of the last attempt at reassessment, and that the failure of the city officers to so notify him or his counsel of such attempt was so far arbitrary and in fraud of his rights as to require a vacation of the order confirming the assessment, notwithstanding the city proceeded with reference to giving notice in accordance with the statute, and actually gave such notice as is therein required. The appellant also contends that the superior court is the

proper forum in which to urge this objection, and that that court, as a court possessing powers of an equitable nature, has the right to grant the relief demanded.

Whether or not the proposition last mentioned is sound in law we shall not now stop to inquire, as it is manifest that such a power will not be exercised until the applicant has made a reasonably clear case calling for its exercise, and it seems plain to us that the record here does not present such a case. The appellant's claim that he was prevented from having a hearing on his objections to the reassessment, before the city council, by the arbitrary action of the city authorities, is rested solely on the oral promise that his counsel should be notified personally of any subsequent proceedings, made by certain of the city officers at the time the hearing on the first attempt to reassess was continued indefinitely. It seems to us, from an examination of the evidence, that the promise related only to the proceedings then pending, and meant that notice would be given the appellant before any action looking to the completion of those proceedings should be taken. It could hardly have meant that notice would be given of an abandonment of the proceedings. To defeat the proceedings, was the purpose of the objections made by the appellant, and when the city confessed the soundness of the objections, by dismissing and abandoning its attempt to perfect the proceedings, notice of such abandonment could have been of no benefit to the appellant; the thing he desired was accomplished. Hence, it would seem that, if the promise was one which bound the city, there was no breach thereof.

But there is another and broader ground on which the contention must be denied. The promise was not one on which the appellant had a right to rely. The conduct

of public officers is governed by fixed rules, prescribed by public statutes, beyond which the officers cannot go and bind the public interests, and their promises outside of their prescribed duties are no more binding on the public than are the promises of strangers, and one relying thereon does so at his peril. He may possibly have a remedy against the individual making the promise, but he cannot successfully claim the right to arrest the performance of a public duty, which is being performed in the statutory way, because the officers have promised him that some other or additional conditions, not required by the statute, will be complied with, before such performance will be attempted. Public policy forbids such a rule, and requires that statutory duties be performed in the statutory way.

The appellant stands, therefore, as one making a collateral attack upon the assessment proceedings, and his rights are governed by the rules applicable to that form of attack. The statute governing reassessment proceedings gives to the order of the city council confirming such proceedings the conclusiveness of a judgment of a court, and we have repeatedly held the statute valid in that regard. In *Lewis v. Seattle,* 28 Wash. 639, 69 Pac. 393, we said:

"This court has repeatedly held that all questions affecting the assessment proceedings, not going to the jurisdiction of the municipality to make the assessment, must be taken before the city council on the hearing pending the confirmation of the assessment proceedings by that body, and appealed therefrom to the courts, before the courts have authority to inquire as to mere error therein."

And see, *New Whatcom v. Bellingham Bay Imp. Co.,* 16 Wash. 131, 47 Pac. 236; *New Whatcom v. Bellingham Bay Imp. Co.,* 18 Wash. 181, 51 Pac. 360; *Heath v. McCrea,*

20 Wash. 342, 55 Pac. 432; *Annie Wright Seminary v. Tacoma,* 23 Wash. 109, 62 Pac. 444; *McNamee v. Tacoma,* 24 Wash. 591, 64 Pac. 791; *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197; *Tacoma, etc. Paving Co. v. Sternberg,* 26 Wash. 84, 66 Pac. 121.

It remains, then, to inquire whether the matters complained of as affecting the assessment are such as go to the jurisdiction of the city council, or whether such matters are, if errors at all, errors committed in the exercise of acknowledged jurisdiction. The objections made in the brief against the validity of the assessment are these: (1) that it was made without regard to benefits; (2) that it was for more than the actual cost of the improvements; (3) that it includes the cost of future repairs for five years; (4) that the amount imposed upon the appellant's lot exceeds the benefits conferred on that lot; and (5) that the appellant is about to be deprived of his property without due process of law because the notice given of the assessment was not such as is contemplated by law, and insufficient under the peculiar circumstances of this particular case.

With regard to the first objection, it is not disputed that the assesment is purported to have been made according to benefits, and that the city council found that it was so made, but it is said that this finding is merely colorable and perfunctory, because it appears that all of the lots were assessed alike, and for the precise amount they were assessed for when the apportionment was made according to the front foot plan, and concededly without reference to benefits. It seems to us, however, that these facts argue nothing. Surely it cannot be denied that a possible condition could exist where an improvement of a street would benefit all of the lots thereon precisely alike, yet it must be so denied in order to overturn this

assessment in this proceeding. The assessment to be overturned in this proceeding must be void on its face, and it could only be void for the reason here given on the theory that under no conceivable conditions could lots abutting upon an improvement be equally benefited thereby. But so far from this being impossible, it would seem that it would be found to actually exist in many instances. To pave and curb a street which has already been brought to grade, and the abutting property built upon with reference thereto, would seem rather to benefit each part of it alike than otherwise, especially where, as in this case, no unusual or special conditions are shown to exist.

It appears by the terms of the contract that the actual cost of the improvement was $5,795, while the reassessment was for $5,800, or $5 more than the original cost. On this discrepancy the second objection is founded. In tax sales, where the proceedings were wholly ex parte, courts have set aside titles acquired thereunder apparently for some not very substantial reasons, and cases can be found where differences even less than are shown here have been held to avoid the proceedings. The reasoning on which such judgments are justified, however, has no application to proceedings such as our statutes prescribe. They were rendered in cases where the proceedings were such that no opportunity was given to make the objection until after the sale. Such is not the fact here. The appellant had the right to appear before the city council and make this objection. Had he done so doubtless it would have been corrected. But having failed to appear and make the objection he must be deemed to have waived it. *Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353.

The third objection is that the reassessment included the cost of keeping the street in repair for a period of

five years from the time the work was completed. It was
held in *McAllister v. Tacoma,* 9 Wash. 272, 37 Pac. 447,
658, that the city could not contract for such a result
originally, and create a lien for such cost, because its
charter did not authorize it to do so. But it was pointed
out in that case (see opinion on petition for rehearing),
that the statute under which this reassessment was made
was passed to cure defects of this very character. And
we have since held that the act of 1893 was passed for the
purpose of permitting a reassessment of property bene-
fited by a street improvement, the original assessment
for which might be invalid under the existing laws, no
matter what might have been the defect in the law which
caused the invalidity of the original assessment. *Fred-
erick v. Seattle,* 13 Wash. 428, 43 Pac. 364; *Lewis v.
Seattle,* 28 Wash. 639, 69 Pac. 393. To include in the
assessment items not proper to be included therein does
not render the assessment void, or subject it to collateral
attack. As the city had power to make the reassessment,
the objection that it was made for too much, must, to
be available, be taken before the city council when it
sits to hear objections to the assessment. *Young v. Ta-
coma,* 31 Wash. 153, 71 Pac. 742.

The fourth objection is without merit for the reason
last stated. If it be true that the assessment exceeded the
benefits conferred on the appellant's property by the im-
provement, the objection should have been urged before
the city council. It is not a matter for a collateral attack
on the assessment proceedings.

The last objection, namely, that the appellant is being
deprived of his property without due process of law, we
think is also without merit. It is not contended that the
notice provided by the statute is not sufficient in itself

to constitute due process of law, nor is it contended that such notice was not given. It is argued that the notice was insufficient, in this particular case, because the appellant was lulled into security by the promise of the city officers and was not, for that reason, as diligent as he might otherwise have been. We have heretofore in this opinion attempted to show that this promise was one on which the appellant had no right to rely, and, if it be true that he had no right to rely on the promise, no question of due process of law is involved in the failure of the city officers to give it.

We conclude, therefore, that however pertinent the objections urged might be were we permitted to review the proceedings for mere error, they are insufficient to render them void; and, as they are not void, they cannot be overturned in this form of attack. The judgment appealed from is affirmed.

HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.